1  HOWARD KOLLITZ (State Bar No. 059611)
   *hkollitz@dgdk.com*
2  ZEV SHECHTMAN (State Bar No. 266280)
   *zshechtman@dgdk.com*
3  DANNING, GILL, DIAMOND & KOLLITZ, LLP
   1900 Avenue of the Stars, 11th Floor
4  Los Angeles, California 90067
   Telephone:   (310) 277-0077
5  Facsimile:   (310) 277-5735

6  Attorneys for Richard K. Diamond, as Chapter 7
   Trustee

7

8              **UNITED STATES BANKRUPTCY COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10                 **LOS ANGELES DIVISION**

11  In re                                    Case No. 2:09-bk-31605-SK

12  RAUL M. CONTRERAS aka RAUL               Chapter 7
    MIRANDA CONTRERAS aka RAUL
13  CONTRERAS MIRANDA,,                       **NOTICE OF MOTION AND MOTION TO
                                             APPROVE COMPROMISE PURSUANT
14        Debtor.                            TO FRBP 9019; MEMORANDUM OF
                                             POINTS AND AUTHORITIES, REQUEST
15                                           FOR JUDICIAL NOTICE, AND
                                             DECLARATION OF RICHARD K.
16                                           DIAMOND**

17                                           [No Hearing Required]

18      **TO THE HONORABLE SANDRA KLEIN, UNITED STATES BANKRUPTCY**

19  **JUDGE, AND INTERESTED PARTIES:**

20          **PLEASE TAKE NOTICE THAT:**

21          Richard K. Diamond, as the Chapter 7 Trustee (the "Trustee" or "Movant") for the

22  Bankruptcy Estate of Raul Miranda Contreras, hereby moves (this "Motion") pursuant to FRBP

23  9019 and LBR 9013-1(o), on notice and opportunity to respond and request a hearing, for an order

24  approving the Trustee's settlement agreement (the "Agreement") with Josephine Contreras

25  ("Josephine") and Diane Contreras ("Diane") (jointly and severally, the "Settling Parties"), as the

26  surviving joint tenants of the Debtor.  A copy of the Agreement is attached herewith as Exhibit "1"

27  to the declaration of Richard K. Diamond.

28          This Motion is based on the below memorandum of points and authorities and

1  accompanying request for judicial notice and the declaration of Richard K. Diamond.  The

2  Agreement provides, among other terms, that the Settling Parties will pay the Trustee $205,000,

3  including $25,000 which the Trustee has already been paid as a deposit, in exchange for the

4  Trustee's release of claims with respect to real property located at 1108 Glenview Road, West

5  Covina, CA 91791 (the "Real Property"), which Real Property is otherwise encumbered by the

6  Trustee's judgment lien in the principal sum of $272,133.39.  As a result of the Agreement, the

7  estate will receive funds with which to make a substantial distribution to unsecured creditors.

8        **PLEASE TAKE FURTHER NOTICE:**

9        DEADLINE FOR FILING AND SERVING OPPOSITION PAPERS AND REQUEST

10  FOR A HEARING: Pursuant to LBR 9013-1(o), any party who opposes the Motion may request a

11  hearing on the Motion. The deadline to file and serve a written opposition and request for a hearing

12  is 14 days after the date of service of this notice, plus 3 additional days if you were served by mail

13  or pursuant to F.R.Civ.P. 5(b)(2)(D) or (F).

14        If you timely file and serve a written opposition and request for a hearing, movant will file

15  and serve a notice of hearing at least 14 days in advance of the hearing. [LBR 9013-1(o)(4)]

16        If you fail to comply with this deadline:

17        (1) Movant will file a declaration to indicate: (1) the Motion was properly served, (2) the

18  response period elapsed, and (3) no party filed and served a written opposition and request for a

19  hearing within 14 days after the date of service of the notice [LBR 9013-1(o)(3)];

20        (2) Movant will lodge an order that the court may use to grant the Motion; and

21        (3) The court may treat your failure as a waiver of your right to oppose the Motion and may

22  grant the Motion without further hearing and notice. [LBR 9013-1(h)]

23  DATED:  July 5, 2018              DANNING, GILL, DIAMOND & KOLLITZ, LLP

24

25                        By:  _____/s/ Zev Shechtman_____

26                             ZEV SHECHTMAN
                             Attorneys for Richard K. Diamond, as Chapter 7
27                             Trustee

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### FACTUAL BACKGROUND

**A.    Initial Case Filing 2009-2012**

On or about August 14, 2009, the Debtor commenced this bankruptcy case, case number 2:09-bk-31605-SK (the "Bankruptcy Case"), by filing a voluntary petition for relief under Chapter 13 of the Bankruptcy Code before the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court").  Twelve creditors filed proofs of claim in the case, with total unsecured claims aggregating approximately $326,000.  The Bankruptcy Case was converted to Chapter 7 on July 21, 2010.  The Trustee was the Chapter 7 Trustee for the bankruptcy estate of the Debtor (the "Bankruptcy Estate").  The Debtor was denied his discharge on September 12, 2011, pursuant to a judgment entered in an adversary proceeding filed by the Trustee against the Debtor as Adv. No. 2:10-ap-03455-SK (the "Judgment"), which also provided for money damages in the amount of $272,133.39 plus interest.  Pursuant to an order entered on February 23, 2012, the Trustee obtained authority to leave the Judgment unadministered.

The Chapter 7 Trustee's Report in a No-Asset Case with Unadministered Assets was filed on February 29, 2012 and the Bankruptcy Case was thereafter closed.

**B.    Reopened Case as of 2017**

On or about November 9, 2017, the Bankruptcy Case was reopened for a trustee to administer the Judgment.  The current amount owed under the Judgment is approximately $275,500, including interest.  Richard K. Diamond was subsequently re-appointed as the Chapter 7 Trustee and continues to serve in that capacity for the benefit of creditors.

The Trustee learned that the Settling Parties were attempting a sale or refinance of certain improved residential real property commonly known as 1108 Glenview Road, West Covina, CA 91791 (the "Real Property").  The Trustee has a judgment lien on the Real Property, by virtue of the Trustee's unadministered Judgment.

The Debtor died on or about April 10, 2018, while the Trustee was negotiating with the

Debtor's daughter and wife, Diane and Josephine, respectively, regarding a settlement that would

allow them to refinance and/or transfer the Real Property, free of the Trustee's judgment lien, in

exchange for payment to the Bankruptcy Estate of an agreed upon sum, thereby avoiding costly

litigation to enforce the Judgment as against the Real Property. Thereafter, on or about June 22,

2018, the Trustee and Settling Parties entered into the Agreement, subject to Bankruptcy Court

approval, in the form of Exhibit "1" hereto.

## II.

## SETTLEMENT AGREEMENT

The following excerpts include some of the material terms of the Agreement:

2.       Court Approval Required. This Agreement is subject to the approval of the
Bankruptcy Court in the Bankruptcy Case after notice and hearing….

3.       Settlement Amount.

a.       The total settlement amount is $205,200 cash (the "Settlement
Amount").

b.       A good faith deposit of $25,000 (the "Deposit") is being paid to the
Trustee contemporaneously with the execution hereof by the Settling Parties. The
Deposit will be returned if the Compromise Motions is denied for any reason other
than any action or inaction by Settling Parties. If the Settling Parties fail to
complete or perform obligations hereunder, the Settling Parties shall be deemed to
be in default under this Agreement. The Trustee and the Settling Parties agree that
time is of the essence. Further, the Settling Parties and the Trustee recognize that
the Trustee will incur attorneys' fees and expenses in connection with the settlement
contemplated by this Agreement and that the Trustee will be damaged by the failure
of the Settling Parties to timely consummate the settlement. They also recognize
that it is extremely difficult and impractical to: (1) ascertain the damages that will be
sustained by the Trustee as a result of the breach by the Settling Parties of this
Agreement; and (2) ascertain the amount of compensation that the Trustee should
receive as a result of the breach. As a result, the Trustee and the Settling Parties
agree that in the event of the default of the Settling Parties, the Trustee's damages
shall be the total amount of the deposit of $25,000 of the Settling Parties and that by
initialing here, the Settling Parties: [     ] [     ], on the one hand, and the
Trustee:  [     ], on the other hand, agree that the amount of the Deposit is a
reasonable and fair estimate of these damages, and that the Trustee shall be entitled
to retain the entire Deposit as and for liquidated damages to the Trustee. If the
Court declines to approve the settlement for any reason other than action or inaction
attributable to the  Settling Parties, the $25,000 good faith Deposit will be returned
to the Settling Parties without interest, if any, earned on the $25,000.

c.       The balance of the Settlement Amount, that is $180,200, will be paid
within 90 days after entry of the Approval Order. Payment of the entire Settlement
Amount is not contingent on any sale or loan or refinancing of the Real Property. If

the Settling Parties are in escrow on a sale or loan or refinancing within the above timeframe, the Trustee agrees to submit his lien release documents and demand to escrow with demand for payment of $180,200 in a timely manner. Settling Parties may only use a California licensed real estate escrow company, and will provide the escrow contact information to the Trustee within 1 business day of opening escrow, and communications to or from escrow holder in connection with escrow must be given to the Trustee c/o his counsel.

       d.     Payments must be made payable to: "Richard K. Diamond, Chapter 7 Trustee," and addressed to Richard K. Diamond, Trustee, 1900 Avenue of the Stars, 11th Floor, Los Angeles, California 90067.

       4.     Deed(s) to the Real Property. The Settling Parties shall each execute before a notary public a deed (or deeds) transferring marketable title to the Real Property from themselves (as determined by the Trustee's title company) to the Trustee, and shall deliver the original(s) thereof to the Trustee contemporaneously with the execution hereof. The Trustee shall hold the original(s) of such deed(s), but not record the deed(s) unless there is a default on timely payment. In the event of default on timely payment of the balance of the Settlement Amount, the Trustee will have the right, but not the obligation, to immediately record such deed(s) transferring title to the Real Property to the Trustee and the Trustee may sell the Property pursuant to section 363 of the Bankruptcy Code, which the Settling Parties will not oppose. The proposed quitclaim deed(s) is (are) attached hereto as Exhibit "A." The Settling Parties will cooperate in executing any other deed documents as necessary to satisfy Trustee's title company that the Trustee has received deeds that, if and when recorded, will transfer to the Trustee marketable title. The deeds are not effective as between the parties unless and until recorded. In the event of default, notwithstanding anything herein to contrary, the Trustee retains the right to enforce the Judgment against any and all properties including, without limitation, the Real Property, and without giving effect to the deeds (i.e., the Trustee may continue to proceed as a judgment creditor). The amount actually received by the Trustee from the proceeds of the sale of the Real Property will be credited against the Judgment. The deeds will be marked "voided" and returned to Settling Parties if the Compromise Motion is denied for any reason other than any action or inaction by Settling Parties. The deeds will be marked "voided" and returned to Settling Parties upon timely payment of the entire Settlement Sum pursuant to this Agreement. Further, upon the written request of Diane, within three (3) business days after the date on which the Trustee has received payment in full of the Settlement Sum, in good funds, the Trustee will deliver to Diane, in care of The Law Offices of David A. Tilem, the Trustee's quitclaim deed with respect to the Real Property.

       5.     <u>11669 Sherman Way Note and Deed of Trust</u>. This Agreement does not have any effect on the estate's rights to and interest in the indebtedness secured by the deed of trust on the real property commonly known as 11669 Sherman Way, North Hollywood, CA 91605 (dated 3/30/10, notary seal dated 4/9/10, and recorded 4/27/17), copy attached hereto as Exhibit "B," and any and all right, title and interest of the estate and the Trustee therein are reserved.

       6.     <u>Representations and Warranties by Diane regarding Property of the Estate</u>. Diane represents and warrants that, except for the Property, she is not, and has not been, in possession of any property of the Debtor's estate, since the Petition Date, or been a party to any transfer from the Debtor of any property of the estate subsequent to the date the Trustee obtained the Judgment, except to the extent that such property is scheduled as exempt or has a value, per item, of no more than $5,000. Upon receipt of the Settlement Amount in good funds, in reliance on the

accuracy of such representations by Diane, the Trustee will waive all rights, claims, or interests as against the Real Property or as against Diane regarding the Property, other than her obligations arising under this Agreement.

       7.    <u>Release of Claims by Settling Parties</u>.  The Settling Parties each waive any and all rights or claims against the estate, including, without limitation any and all rights to claims of exemption against the bankruptcy estate and, in particular, with respect to the Settlement Amount and/or any other amounts collected by the Trustee pursuant to the Judgment.  The Parties understand that the releases of claims set forth in this paragraph 7 cover claims within the areas specified of which the Parties have knowledge and also those of which they may not have knowledge.  The Parties, after conferring, or having had a reasonable opportunity to confer, with their respective legal counsel of their own choosing, expressly waive all rights under section 1542 of the California Civil Code, which section the Parties have read and understand, and which section provides substantially as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

       8.    <u>Surplus Funds</u>.  If there are any surplus funds remaining from the Settlement Amount after payment in full of unsecured claims and administrative expenses as provided herein, the Trustee will pay such surplus funds to the Settling Parties.

*See* Exhibit "1" attached to Declaration of Richard K. Diamond, filed herewith.

**III.**

**<u>REQUEST FOR APPROVAL OF COMPROMISE</u>**

**A.**       **<u>THE COURT IS AUTHORIZED TO APPROVE THE SETTLEMENT</u>**

This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, and Federal Rule of Bankruptcy Procedure 9019.  Rule 9019(a) provides,

       On motion by the trustee and after a hearing on notice to creditors, the debtor . . . and to such other entities as the court may designate, the court may approve a compromise or settlement.

The Supreme Court, in *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968), held that a bankruptcy court, in considering whether to approve a compromise, should inform itself regarding

       all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated. Further, the judge should form an educated estimate of the

complexity, expense, and likely duration of such litigation, the
possible difficulties of collecting on any judgment which might be
obtained, and all other factors relevant to a full and fair assessment of
the wisdom of the proposed compromise.

The Ninth Circuit has clarified the inquiry as follows:

In determining the fairness, reasonableness and adequacy of a
proposed settlement agreement, the court must consider:
(a) probability of success in the litigation; (b) the difficulties, if any,
to be encountered in the matter of collection; (c) the complexity of
the litigation involved, and the expense, inconvenience and delay
necessarily attending it; [and] (d) the paramount interest of the
creditors and a proper deference to their reasonable views in the
premises.

*In re A & C Properties*, 784 F.2d 1377, 1381 (9th Cir. 1986), *cert. denied*, 479 U.S. 854, 107 S. Ct.

189 (1986).

The bankruptcy court has wide latitude and discretion in evaluating a proposed compromise

because the judge is "uniquely situated to consider the equities and reasonableness." *United States*

*v. Alaska National Bank* (*In re Walsh Construction, Inc.*), 669 F.2d 1325, 1328 (9th Cir. 1982).

The Ninth Circuit has further stated:

A compromise agreement allows the trustee and the creditor to avoid
the expenses and burdens associated with litigating "sharply
contested and dubious" claims. [Citation].  The bankruptcy court
need not conduct an exhaustive investigation into the validity of the
asserted claim. [Citation].  It is sufficient that, after apprising itself of
all facts necessary for an intelligent and objective opinion concerning
the claim's validity, the court determines that either (1) the claim has
a "substantial foundation" and is not "clearly invalid as a matter of
law," or (2) the outcome of the claim's litigation is "doubtful."

*Id*. at 1328.  The court is not "to decide the numerous questions of law and fact raised by

[objectors] but rather to canvass the issues and see whether the settlement 'falls below the lowest

point in the range of reasonableness.'"  *In re Carla Leather, Inc.*, 44 B.R. 457, 465 (Bankr.

S.D.N.Y. 1984) (quoting *In re W. T. Grant & Co*., 699 F.2d 599, 608 (2d Cir. 1983) (emphasis

added), *cert. denied*, 464 U.S. 822, 104 S. Ct. 89 (1983)), *aff'd*, 50 B.R. 764 (S.D.N.Y. 1985).

B.    **THE PROPOSED SETTLEMENT IS REASONABLE AND IN THE BEST**

**INTEREST OF THE ESTATE**

The Trustee believes, based on his business judgment and professional experience, that the

Agreement, a copy of which is attached as Exhibit "1" to the Trustee's Declaration filed herewith, is reasonable, fair and equitable and in the best interests of the Bankruptcy Estate and its creditors, and it should be approved.

**1.      Probability of Success in Litigation**

The Trustee believes that he would likely prevail if forced to file a judicial foreclosure action.  This factor militants in favor of settlement for a substantial sum paid to the Bankruptcy Estate.

**2.      Difficulties in Collection**

There is a clear path forward to enforcement of the Judgment.  This factor also militants in favor of settlement for a substantial sum paid to the Bankruptcy Estate.

**3.      Expense, Complexity, Inconvenience and Delay of Litigation**

The issues are not very complex, but there would be delay and risk associated with a judicial foreclosure action.  The expense of such litigation would also likely be substantial, costing tens of thousands of dollars.  The expense of litigation, through and including judgment and any appeals, could eclipse much of the difference between the Settlement Amount of $205,000 and the approximately $275,500 owed on the Judgment.

**4.      Paramount Interest of Creditors**

The Agreement provides for a payment or $205,000 to the Bankruptcy Estate, of which the Trustee expects a substantial share will be paid to unsecured creditors.  If the Settling Parties default, the Agreement provides that the Trustee will receive title to the Real Property and will be able to sell it for the benefit of creditors, free of any claims of exemptions.  Further, the Bankruptcy Estate's interest in the Judgment (except as against the Real Property and to the extent of any limited releases against Diane) is preserved, as is any right, title, and interest of the Bankruptcy Estate with respect to indebtedness secured by the deed of trust on the real property commonly

1   known as 11669 Sherman Way, North Hollywood, CA 91605, attached to the Agreement as

2   Exhibit "B."  Thus, the Agreement generates a substantial sum for payment to creditors, while

3   preserving various other interests of the Bankruptcy Estate that may have residual value.  For these

4   reasons, the settlement proposed herein is in the best interest of creditors, it is reasonable and it

5   should be approved.

6

7                            **IV.**

8                  **CONCLUSION**

9       Based on the foregoing, the Trustee respectfully requests that the Court enter an order

10  approving the Agreement and for all other relief the Court deems just and proper.

11

12  DATED:  July 5, 2018                 DANNING, GILL, DIAMOND & KOLLITZ, LLP

13

14                         By:       /s/ Zev Shechtman

15                               ZEV SHECHTMAN

                                Attorneys for Richard K. Diamond, as Chapter 7

16                               Trustee

17

18

19

20

21

22

23

24

25

26

27

28

# **REQUEST FOR JUDICIAL NOTICE**

Richard K. Diamond, as the Chapter 7 Trustee (the "Trustee" or "Movant") for the

Bankruptcy Estate of  Raul Miranda Contreras (the "Debtor"), hereby respectfully requests that the

Court take judicial notice pursuant to Fed. R. Evid. 201 and Fed. R. Bankr. P. 9017 of the

following facts:

1.      On or about August 14, 2009, the Debtor commenced this bankruptcy case, case

number 2:09-bk-31605-SK (the "Bankruptcy Case"), by filing a voluntary petition for relief under

Chapter 13 of the Bankruptcy Code before the United States Bankruptcy Court for the Central

District of California (the "Bankruptcy Court").  Twelve creditors filed proofs of claim in the case,

with total unsecured claims aggregating approximately $326,000.  The Bankruptcy Case was

converted to Chapter 7 on July 21, 2010.  The Trustee was the Chapter 7 Trustee for the estate of

the Debtor.  The Debtor was denied his discharge on September 12, 2011.

2.      Pursuant to an order entered on February 23, 2012, the Trustee obtained authority to

leave an asset unadministered, namely that certain judgment entered against the Debtor in the

principal sum of $272,133.39 (the "Judgment").

3.      The Chapter 7 Trustee's Report in a No-Asset Case with Unadministered Assets was

filed on February 29, 2012 and the Bankruptcy Case was thereafter closed.

4.      On or about November 9, 2017, the Bankruptcy Case was reopened for a trustee to

administer the Judgment.  The current amount owed under the Judgment is approximately

$275,500, including interest.  Richard K. Diamond was subsequently re-appointed as the Chapter 7

Trustee and continues to serve in that capacity for the benefit of creditors.


DATED:  July 5, 2018                    DANNING, GILL, DIAMOND & KOLLITZ, LLP



                                        By:  _____/s/ Zev Shechtman_____
                                             ZEV SHECHTMAN
                                             Attorneys for Richard K. Diamond, as Chapter 7
                                             Trustee

## **DECLARATION OF RICHARD K. DIAMOND**

I, Richard K. Diamond, declare as follows:

1.     I am the Trustee for the Bankruptcy Estate of Raul Miranda Contreras (the "Debtor"), as the Chapter 7 debtor in the above captioned Bankruptcy Case.  I make this declaration in support of the attached motion to approve compromise.

2.     The facts set forth herein are true of my own personal knowledge, and if called upon to testify thereto, I could and would competently do so.

3.     I believe, based on my business judgment and professional experience, that the settlement agreement (the "Agreement"), a copy of which is attached as Exhibit "1" hereto is reasonable, fair and equitable and in the best interests of the Estate and its creditors, and it should be approved.

4.     I believe that I would likely prevail if forced to file a judicial foreclosure action with respect to the Judgment.

5.     I believe that the litigations would not be very complex, but there would be delay and risk associated with a judicial foreclosure action.  The expense of such litigation would also likely be substantial, costing tens of thousands of dollars.

6.     The Agreement provides for a payment or $205,000 to the bankruptcy estate, of which I expect a substantial share will be paid to unsecured creditors.  If the Settling Parties default, I will received title to the Real Property and, pursuant to the express terms of the Agreement, will be able to sell it for the benefit of creditors, free of any claims of exemptions. Further, the Bankruptcy Estate's interest in the Judgment (except as against the Real Property and to the extent of any limited releases against Diane) is preserved, as is any right, title, and interest of the Bankruptcy Estate has with respect to indebtedness secured by the deed of trust on the real property commonly known as 11669 Sherman Way, North Hollywood, CA 91605, attached to the Agreement as Exhibit "B."

///

///

///

1491957.1  0931605A

11

7.      Thus, the Agreement generates a substantial sum for payment to creditors, while preserving various other interests of the Bankruptcy Estate that may have residual value.

I declare under penalty of perjury that the foregoing is true and correct.

Executed, on July __5__, 2018, at Los Angeles, California.

_Richard K. Diamond_

Richard K. Diamond

# EXHIBIT "1"

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made by and between Richard K. Diamond, solely in his capacity as the Chapter 7 Trustee (the "Trustee") for the Bankruptcy Estate of Raul Miranda Contreras (the "Debtor"), on the one hand, and Diane Contreras ("Diane")and Josephine Contreras ("Josephine") (Diane and Josephine, jointly and severally, the "Settling Parties"), on the other hand.  The Trustee and the Settling Parties are referred to herein, together, as the "Parties."

### RECITALS

A.    On or about August 14, 2009, the Debtor commenced bankruptcy case number 2:09-bk-31605-SK (the "Bankruptcy Case") by filing a voluntary petition for relief under Chapter 13 of the Bankruptcy Code before the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court").  The Bankruptcy Case was converted to Chapter 7 on July 21, 2010.

B.    The Trustee was the Chapter 7 Trustee for the estate of the Debtor.

C.    The Debtor was denied his discharge on September 12, 2011.

D.    Pursuant to an order entered on February 23, 2012, the Trustee obtained an order authorizing him to leave an asset unadministered, namely that certain judgment entered against the Debtor in the principal sum of $272,133.39 (the "Judgment").

E.    The Chapter 7 Trustee's Report in a No-Asset Case with Unadministered Assets was filed on February 29, 2012 and the Bankruptcy Case was thereafter closed.

F.    On or about November 9, 2017, the Bankruptcy Case was reopened for a trustee to administer the Judgment.  Richard K. Diamond was subsequently re-appointed as the Chapter 7 Trustee and continues to serve in that capacity for the benefit of creditors.

G.    The Trustee has learned that the Settling Parties are attempting a sale or refinance of certain improved residential real property commonly known as 1108 Glenview Road, West Covina, CA 91791 (the "Real Property").  The Trustee has a judgment lien on the Real Property.

H.    The Debtor died on or about April 10, 2018.

I.    The Trustee has determined that equity derived from the sale or refinance of the Real Property should be used to pay down the Judgment.  Alternatively, the Trustee believes that the Trustee, as judgment creditor, may enforce the Judgment as against the Real Property.  The Parties seek to avoid any litigation with respect to the Real Property and have therefore reached this settlement, subject to Bankruptcy Court approval.

EXHIBIT "1"

## AGREEMENT

1.   Recitals Acknowledged. Each of the Parties acknowledges that, to the best of the Party's knowledge, each of the foregoing Recitals is true and correct in every material respect and is incorporated by reference into this Agreement.

2.   Court Approval Required. This Agreement is subject to the approval of the Bankruptcy Court in the Bankruptcy Case after notice and hearing. Within fourteen (14) days after execution hereof by all of the Parties and the Trustee's receipt of the Deposit (as hereinafter defined) in good funds, the Trustee shall file a motion (the "Compromise Motion"), for an Order approving this Agreement (the "Approval Order") under FRBP 9019. The date on which the Approval Order is entered by the Bankruptcy Court is referred to herein as, the "Approval Date."

3.   Settlement Amount.

   a.   The total settlement amount is $205,200 cash (the "Settlement Amount").

   b.   A good faith deposit of $25,000 (the "Deposit") is being paid to the Trustee contemporaneously with the execution hereof by the Settling Parties. The Deposit will be returned if the Compromise Motions is denied for any reason other than any action or inaction by Settling Parties. If the Settling Parties fail to complete or perform obligations hereunder, the Settling Parties shall be deemed to be in default under this Agreement. The Trustee and the Settling Parties agree that time is of the essence. Further, the Settling Parties and the Trustee recognize that the Trustee will incur attorneys' fees and expenses in connection with the settlement contemplated by this Agreement and that the Trustee will be damaged by the failure of the Settling Parties to timely consummate the settlement. They also recognize that it is extremely difficult and impractical to: (1) ascertain the damages that will be sustained by the Trustee as a result of the breach by the Settling Parties of this Agreement; and (2) ascertain the amount of compensation that the Trustee should receive as a result of the breach. As a result, the Trustee and the Settling Parties agree that in the event of the default of the Settling Parties, the Trustee's damages shall be the total amount of the deposit of $25,000 of the Settling Parties and that by initialing here, the Settling Parties: [ 𝒫𝒞 ] 𝒢ℒ𝒞_ed], on the one hand, and the Trustee: [ 𝒜𝒜 ], on the other hand, agree that the amount of the Deposit is a reasonable and fair estimate of these damages, and that the Trustee shall be entitled to retain the entire Deposit as and for liquidated damages to the Trustee. If the Court declines to approve the settlement for any reason other than action or inaction attributable to the Settling Parties, the $25,000 good faith Deposit will be returned to the Settling Parties without interest, if any, earned on the $25,000.

   c.   The balance of the Settlement Amount, that is $180,200, will be paid within 90 days after entry of the Approval Order. Payment of the entire Settlement Amount is not contingent on any sale or loan or refinancing of the Real Property. If the Settling Parties are in escrow on a sale or loan or refinancing within the above timeframe, the Trustee agrees to submit his lien release documents and demand to escrow with demand for payment of $180,200 in a timely manner. Settling Parties may only use a California licensed real estate escrow company, and will provide the escrow contact information to the Trustee within 1 business day

1485452.6  0931605A                                        2

**0015**

of opening escrow, and communications to or from escrow holder in connection with escrow must be given to the Trustee c/o his counsel.

        d.      Payments must be made payable to: "Richard K. Diamond, Chapter 7 Trustee," and addressed to Richard K. Diamond, Trustee, 1900 Avenue of the Stars, 11th Floor, Los Angeles, California 90067.

        4.      <u>Deed(s) to the Real Property</u>. The Settling Parties shall each execute before a notary public a deed (or deeds) transferring marketable title to the Real Property from themselves (as determined by the Trustee's title company) to the Trustee, and shall deliver the original(s) thereof to the Trustee contemporaneously with the execution hereof. The Trustee shall hold the original(s) of such deed(s), but not record the deed(s) unless there is a default on timely payment. In the event of default on timely payment of the balance of the Settlement Amount, the Trustee will have the right, but not the obligation, to immediately record such deed(s) transferring title to the Real Property to the Trustee and the Trustee may sell the Property pursuant to section 363 of the Bankruptcy Code, which the Settling Parties will not oppose. The proposed quitclaim deed(s) is (are) attached hereto as Exhibit "A." The Settling Parties will cooperate in executing any other deed documents as necessary to satisfy Trustee's title company that the Trustee has received deeds that, if and when recorded, will transfer to the Trustee marketable title. The deeds are not effective as between the parties unless and until recorded. In the event of default, notwithstanding anything herein to contrary, the Trustee retains the right to enforce the Judgment against any and all properties including, without limitation, the Real Property, and without giving effect to the deeds (i.e., the Trustee may continue to proceed as a judgment creditor). The amount actually received by the Trustee from the proceeds of the sale of the Real Property will be credited against the Judgment. The deeds will be marked "voided" and returned to Settling Parties if the Compromise Motion is denied for any reason other than any action or inaction by Settling Parties. The deeds will be marked "voided" and returned to Settling Parties upon timely payment of the entire Settlement Sum pursuant to this Agreement. Further, upon the written request of Diane, within three (3) business days after the date on which the Trustee has received payment in full of the Settlement Sum, in good funds, the Trustee will deliver to Diane, in care of The Law Offices of David A. Tilem, the Trustee's quitclaim deed with respect to the Real Property.

        5.      <u>11669 Sherman Way Note and Deed of Trust</u>. This Agreement does not have any effect on the estate's rights to and interest in the indebtedness secured by the deed of trust on the real property commonly known as 11669 Sherman Way, North Hollywood, CA 91605 (dated 3/30/10, notary seal dated 4/9/10, and recorded 4/27/17), copy attached hereto as Exhibit "B," and any and all right, title and interest of the estate and the Trustee therein are reserved.

        6.      <u>Representations and Warranties by Diane regarding Property of the Estate</u>. Diane represents and warrants that, except for the Property, she is not, and has not been, in possession of any property of the Debtor's estate, since the Petition Date, or been a party to any transfer from the Debtor of any property of the estate subsequent to the date the Trustee obtained the Judgment, except to the extent that such property is scheduled as exempt or has a value, per item, of no more than $5,000. Upon receipt of the Settlement Amount in good funds, in reliance on the accuracy of such representations by Diane, the Trustee will waive all rights, claims, or

interests as against the Real Property or as against Diane regarding the Property, other than her obligations arising under this Agreement.

7.    <u>Release of Claims by Settling Parties</u>.  The Settling Parties each waive any and all rights or claims against the estate, including, without limitation any and all rights to claims of exemption against the bankruptcy estate and, in particular, with respect to the Settlement Amount and/or any other amounts collected by the Trustee pursuant to the Judgment.  The Parties understand that the releases of claims set forth in this paragraph 7 cover claims within the areas specified of which the Parties have knowledge and also those of which they may not have knowledge.  The Parties, after conferring, or having had a reasonable opportunity to confer, with their respective legal counsel of their own choosing, expressly waive all rights under section 1542 of the California Civil Code, which section the Parties have read and understand, and which section provides substantially as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

8.    <u>Surplus Funds</u>.  If there are any surplus funds remaining from the Settlement Amount after payment in full of unsecured claims and administrative expenses as provided herein, the Trustee will pay such surplus funds to the Settling Parties.

9.    <u>Trustee's Role and Capacity</u>.  The Parties acknowledge that the Trustee is a Chapter 7 trustee appointed in the Bankruptcy Case.  The Parties further acknowledge and agree that the Trustee is entering into this Agreement solely in his capacity as the Chapter 7 trustee for the Debtor's Bankruptcy Estate, and not in a personal capacity, and that no liability or obligations shall accrue to the Trustee personally as a result of this transaction.

10.    <u>Further Assurances and Cooperation</u>.  Each Party to this Agreement agrees to cooperate in a timely manner with the other Party to carry out the purpose and effect of this Agreement.

11.    <u>Jurisdiction; Applicable Law</u>.  The Bankruptcy Court presiding over the Bankruptcy Case shall have and retain exclusive jurisdiction to interpret and enforce the terms of this Agreement, without a jury or, if required by any applicable law, with a jury.  The Parties hereby consent and submit to such exclusive jurisdiction and to entry of a final Order or final judgment by the Bankruptcy Court with or without a jury.  This Agreement shall be interpreted and enforced pursuant to the laws of the United States of America, and where State law is required to be applied, California law shall apply.

12.    <u>Parties Bound</u>.  This Agreement is binding upon and shall inure to the benefit of the Parties hereto, and their respective agents, heirs, administrators, predecessors, successors and assigns.

13.    <u>No Recovery of Attorneys' Fees and Expenses</u>.  Each Party shall bear his or her own attorneys' fees, expenses and costs incurred in connection with this Agreement.  In addition,

1485452.6  0931605A                                     4

**0017**

each Party, as between or among the Parties, shall bear his or her own respective costs incurred in any adversary proceeding or contested matter or other litigation or proceeding involving the Parties and in connection with the subject matter of this Agreement.

14.    <u>Remedies Upon Default</u>.  In addition to the express provisions hereof, upon the default of a Party to this Agreement, each other Party to this Agreement will have any and all remedies available to the non-defaulting Party or Parties provided by law or in equity.

15.    <u>Entire Agreement</u>.  This Agreement constitutes the entire agreement between or among the Parties concerning the subject matter hereof, and there are no other understandings, representations, or agreements, oral or otherwise, between or among the Parties concerning the subject matter of this Agreement.

16.    <u>Amendments; Modifications; Waiver</u>.  This Agreement may not be modified, superseded, terminated, or amended and no provision hereto may be waived except by: (i) a writing, making specific reference hereto, signed by all the Parties and approved by the Bankruptcy Court; or, (ii) an Order of the Bankruptcy Court which has become final.

17.    <u>Participation in Drafting</u>.  Each Party has participated in, or contributed to, the drafting and preparation of this Agreement.  The provisions shall not be construed for or against any Party based upon its preparation.

18.    <u>Further Necessary Actions</u>.  To the extent that any document is reasonably required to be executed or other action is reasonably required by either or both of the Parties to effectuate the purposes of this Agreement, each Party will execute and deliver such document or take such other action as requested by another one of the Parties.

19.    <u>No Third Party Beneficiaries</u>.  No one other than a Party is intended to receive any benefit under or by this Agreement.  There are no third party beneficiaries.

20.    <u>Notices</u>.  Notice shall be given by pre-paid Federal Express or by other overnight commercial delivery service, effective upon receipt, and notice may, alternatively, be given by email, addressed as follows:

        a.    <u>To the Trustee</u>:

                Richard K. Diamond, Chapter 7 Trustee
                c/o Zev Shechtman, Esq.
                Danning, Gill, Diamond & Kollitz, LLP
                1900 Avenue of the Stars, 11th Floor
                Los Angeles, California 90067
                Email: zs@dgdk.com

        b.    <u>To Diane Contreras</u>:

                David A. Tilem
                Law Offices of David A. Tilem
                206 N. Jackson St., #201
                Glendale, CA 91206

Email: davidtilem@tilemlaw.com

    c.      <u>To Josephine Contreras</u>:

                Josephine Contreras
                1108 S. Glenview Rd.
                West Covina Ca 91791

    21.    <u>Counterparts</u>.  This Agreement (and any amendments, modifications or waivers in respect hereof) may be executed in one or more counterparts, each of which will be deemed an original, but all of which, taken together, will constitute one and the same instrument.  Signatures reproduced by electronic means on a counterpart shall have the same force and effect as original signatures on a counterpart.

    22.    <u>Probate Proceedings</u>.  Notwithstanding anything in this Agreement to the contrary, the Trustee has and hereby retains any and all rights to assert any claims in, or in connection with, any probate proceedings for the deceased Debtor as if this Agreement had never been entered into, if any such claims exist and with any such claims being subject to whatever defenses, if any, that existed prior to entering into this Agreement, except that payments hereunder shall be credited against what would otherwise be part of such claims.

                                             <u>**AGREED:**</u>

DATED:  June 2v, 2018

                                             RICHARD K. DIAMOND, as Chapter 7 Trustee

                                             <u>**AGREED:**</u>

DATED:  June 13, 2018

                                             DIANE CONTRERAS

                                             <u>**AGREED:**</u>

DATED:  June 13, 2018

                                             JOSEPHINE CONTRERAS

*[Signatures Continued on Next Page]*

**APPROVED AS TO FORM:**

DATED:  June 20, 2018

DANNING, GILL, DIAMOND & KOLLITZ, LLP

By: _____

ZEV SHECHTMAN
Attorneys for Richard K. Diamond,
as Chapter 7 Trustee

**APPROVED AS TO FORM:**

DATED:  June ___, 2018

LAW OFFICES OF DAVID A. TILEM

By: _____

DAVID A. TILEM
Attorneys for Diane Contreras

1485452.6  0931605A

7

**0020**

**APPROVED AS TO FORM:**

DATED: June ___, 2018

DANNING, GILL, DIAMOND & KOLLITZ, LLP

By:_____

ZEV SHECHTMAN
Attorneys for Richard K. Diamond,
as Chapter 7 Trustee

**APPROVED AS TO FORM:**

DATED: June 20, 2018

LAW OFFICES OF DAVID A. TILEM

By:_____

DAVID A. TILEM
Attorneys for Diane Contreras

1485452.6  0931605A

7

**0021**

EXHIBIT A

RECORDING REQUESTED BY:

MAIL TAX STATEMENTS AND
WHEN RECORDED MAIL TO:

Order No.:
Escrow No.:

APN: 8490-031-029

SPACE ABOVE THIS LINE IS FOR RECORDER'S USE

# QUITCLAIM DEED

THE UNDERSIGNED GRANTOR(S) DECLARE(S):

DOCUMENTARY TRANSFER TAX IS *$0.00 (R&T 11911 court-ordered conveyance/not pursuant to sale)*

____ Computed on full value of property conveyed, or

____ Computed on full value less liens and encumbrances remaining at time of sale.

____ Unincorporated area _____ City of _____ _____

For valuable consideration, receipt of which is hereby acknowledged, Diane Contreras and Josephine Contreras, as joint tenants

hereby REMISE(S), RELEASE(S) AND QUITCLAIM(S) to Richard K. Diamond, as Chapter 7 Trustee

the real property situated in the County of Los Angeles, State of California, more particularly described as follows: LOT 57 OF TRACT NO. 21029 AS PER MAP RECORDED IN BOOK 568 PAGES 19 AND 20 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, which has the address of: 1108 Glenview Road, West Covina, CA 91791

Dated: *June 4, 2018*

*Josephine Contreras*
Josephine Contreras

*Diane Contreras*
Diane Contreras

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA                )
                                   ) SS.
COUNTY OF *Los Angeles*            )

On *June 04 2018* before me, *Dora E. Gil* _____, Notary Public, personally appeared *Josephine Contreras and Diane Contreras* ,
who proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature *Dora E. Gil*

DORA E. GIL
COMM. # 2184866
NOTARY PUBLIC • CALIFORNIA
LOS ANGELES COUNTY
Comm. Expires MARCH 26, 2021

**0023**

MAIL TAX STATEMENTS AS DIRECTED ABOVE

EXHIBIT B

**0024**

 

**This page is part of your document - DO NOT DISCARD**



## 20170469778



**Pages:**
**0006**

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
**California**

**04/27/17 AT 02:13PM**

| | |
|---|---|
| FEES: | 55.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 55.00 |





**L E A D S H E E T**



201704273280060

**00013648582**



008295214

**SEQ:**
**01**

DAR - Counter (Upfront Scan)



**THIS FORM IS NOT TO BE DUPLICATED**



*E269820*

**0025**

RECORDING REQUESTED BY:

AND WHEN RECORDED MAIL TO:

Raul Contreras
1108 S. Glenview Rd.
West Covina,  CA  91791

THIS SPACE FOR RECORDER'S USE ONLY:

Escrow No.:

## SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS

**THIS DEED OF TRUST**, made March 30, 2010                    A.P. #2316-030-004/2316-030-05/2316-030-040

Gabriel Huerta, a single man, herein called **Trustor**,
whose address is _ and

Chicago Title Company, a California Corporation, herein called Trustee, and Raul Contreras , a married man, herein called **BENEFICIARY,**

**WITNESSETH:** That Trustor IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS TO TRUSTEE IN TRUST, WITH POWER OF SALE that Property in Los Angeles County, California, described as:
LEGAL DESCRIPTION ATTACHED HERETO AS EXHIBIT "A" AND MADE A PART HEREOF
Also Known as: 11669 Sherman Way, North Hollywood, CA  91605

**TOGETHER WITH** the rents, issues and profits thereof, **SUBJECT, HOWEVER,** to the right power and authority given to and conferred upon Beneficiary by paragraph (10) of the provisions incorporated herein by reference to collect and apply such rents, issues and profits. **For the Purpose of Securing:** 1. Performance of each agreement of Trustor incorporated by reference or contained herein. 2. Payment of the indebtedness evidenced by one promissory note of even date herewith, and any extensions or renewal thereof, in the principal sum of **$195,000.00** executed by Trustor in favor of Beneficiary or order. 3. Payment of such further sums as the then record owner of said property may borrow from Beneficiary, when evidenced by another note (or notes) reciting it is so secured.

**DATED March 30, 2010**
STATE OF CALIFORNIA
COUNTY OF _Los Angeles_
On _April 9, 2010_
before me, _Dora E. Gil_ ,
A Notary Public in and for said State, personally appeared
_Gabriel Huerta_

Gabriel Huerta

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.
I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.
WITNESS my hand and official seal.

DORA E. GIL
COMM. # 1834846
NOTARY PUBLIC - CALIFORNIA
LOS ANGELES COUNTY
COMM. EXPIRES FEB. 25, 2013

Signature _Dora E. Gil_                    (Seal)

0026

# DO NOT RECORD

The following is a copy of provisions (1) to (14), inclusive, of the fictitious deed of trust, recorded in each county of California, as stated in the foregoing Deed of Trust and incorporated by reference in said Deed of Trust as being a part thereof as if set forth at length therein.

**To Protect the Security of This Deed of Trust, Trustor Agrees:**

1.    To keep said property in good condition and repair; not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and material furnished therefor, to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon; not to commit or permit waste thereof; not to commit, suffer or permit any act upon said property in violation of law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumerations herein not excluding the general.

2.    To provide, maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary.  The amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor.  Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

3.    To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed.

4.    To pay; at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock; when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto; all costs, fees and expenses of this Trust.

Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may: make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purpose; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

5.    To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

6.    That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such money(ies) received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

7.    That by accepting payment of any sum secured hereby its due date, Beneficiary does not waive his right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

8.    That at any time or from time to time, without liability therefor and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

9.    That upon written request of Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder.  The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof.  The grantee in such reconveyance may be described as "the person or persons legally entitled thereto." Five years after issuance of such full reconveyance, Trustee may destroy said note and this Deed (unless directed in such request to retain them).

10.    That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable.  Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine.  The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

11.    That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record.  Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale.  Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement.  Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any convenant or warranty express or implied.  The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof.  Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of, all sums expended under the terms hereof not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof; all other sums then secured hereby, and the remainder, if any, to the person or persons legally entitled thereto.

12.    Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties.  Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

13.    That this Deed applies to inures, to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns.  The term Beneficiary shall mean the owner and holder, including pledgees, of the note secured hereby whether, or not named as Beneficiary herein.  In this Deed, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

14.    That Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law.  Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

**0027**

# DO NOT RECORD

The following is a copy of provisions (1) to (14), inclusive, of the fictitious deed of trust, recorded in each county of California, as stated in the foregoing Deed of Trust and incorporated by reference in said Deed of Trust as being a part thereof as if set forth at length therein.

**To Protect the Security of This Deed of Trust, Trustor Agrees:**

1.        To keep said property in good condition and repair; not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and material furnished therefor; to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon; not to commit or permit waste thereof; not to commit, suffer or permit any act upon said property in violation of law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumerations herein not excluding the general.

2.        To provide, maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

3.        To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed.

4.        To pay: at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock; when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto; all costs, fees and expenses of this Trust.

        Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may: make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purpose; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

5.        To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

6.        That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such money(ies) received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

7.        That by accepting payment of any sum secured hereby its due date, Beneficiary does not waive his right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

8.        That at any time or from time to time, without liability therefor and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

9.        That upon written request of Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "the person or persons legally entitled thereto." Five years after issuance of such full reconveyance, Trustee may destroy said note and this Deed (unless directed in such request to retain them).

10.        That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

11.        That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby.

        After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

        After deducting all costs, fees and expenses of Trustee and of this trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of: all sums expended under the terms hereof not then repaid, with accrued interest at the amount allowed by law in  effect at the date hereof; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

12.        Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties.  Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

13.        That this Deed applies to inures, to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the owner and holder, including pledgees, of the note secured hereby whether, or not named as Beneficiary herein.  In this Deed, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

14.        That Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law.  Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

**0028**

**To Protect the Security of This Deed of Trust, Trustor Agrees:** By the execution and delivery of this Deed of Trust and the note secured hereby, that the provisions (1) to (14), inclusive, of the fictitious deed of trust recorded in Santa Barbara County and Sonoma County October 18, 1961, and in all other counties October 23, 1961, in the book and at the page of Official Records in the office of the county recorder of the county where said property is located, noted below opposite the name of such county, viz.:

| County | Book | Page | County | Book | Page | County | Book | Page | County | Book | Page |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Alameda | 435 | 684 | Kings | 792 | 833 | Placer | 895 | 301 | Sierra | 29 | 335 |
| Alpine | 1 | 250 | Lake | 362 | 39 | Plumas | 151 | 5 | Siskiyou | 468 | 181 |
| Amador | 104 | 34 | Lassen | 171 | 471 | Riverside | 3005 | 523 | Solano | 1105 | 182 |
| Butte | 1145 | 1 | Los Angeles | T2055 | 899 | Sacramento | 4331 | 62 | Sonoma | 1851 | 389 |
| Calaveras | 145 | 152 | Madera | 810 | 170 | San Benito | 271 | 383 | Stanislaus | 1715 | 456 |
| Colusa | 296 | 617 | Marin | 1508 | 339 | San Bernardino | 5567 | 61 | Sutter | 572 | 297 |
| Contra Costa | 3978 | 47 | Mariposa | 77 | 292 | San Francisco | A332 | 905 | Tehama | 401 | 289 |
| Del Norte | 78 | 414 | Mendocino | 579 | 530 | San Joaquin | 2470 | 311 | Trinity | 93 | 366 |
| Eldorado | 568 | 456 | Merced | 1547 | 538 | San Luis Obispo | 1151 | 12 | Tulare | 2294 | 275 |
| Fresno | 4626 | 572 | Modoc | 181 | 851 | San Mateo | 4078 | 420 | Tuolumne | 135 | 47 |
| Glenn | 422 | 184 | Mono | 52 | 429 | Santa Barbara | 1878 | 860 | Ventura | 2062 | 386 |
| Humboldt | 657 | 5327 | Monterey | 2194 | 538 | Santa Clara | 5336 | 341 | Yolo | 653 | 245 |
| Imperial | 1091 | 501 | Napa | 639 | 86 | Santa Cruz | 1431 | 494 | Yuba | 334 | 486 |
| Inyo | 147 | 598 | Nevada | 305 | 320 | Shasta | 684 | 528 | | | |
| Kern | 3427 | 60 | Orange | 5889 | 611 | San Diego | Series 2 Book 1961 Page 183887 | | | | |

(which provisions, identical in all counties are printed on the reverse hereof) are adopted and incorporated herein and made a part hereof as fully as though set forth herein at length; that he will observe and perform said provisions; and that the references to property, obligations, and parties set forth in this Deed of Trust.

The undersigned Trustor requests that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to him at his address hereinbefore set forth.

---

DO NOT RECORD

## REQUEST FOR FULL RECONVEYANCE
To be used only when note has been paid

To: Chicago Title Company, Trustee:                Dated:_____

The undersigned is the legal owner and holder of all indebtedness secured by the within Deed of Trust. All sums secured by said Deed of Trust have been fully paid and satisfied; and you are hereby requested and directed , on payment to you any sums owing to you under the terms of said Deed of Trust, to cancel all evidences of indebtedness, secured by said Deed of Trust, delivered to you herewith together with said Deed of Trust, and to reconvey, without warranty, to the parties designated by the terms of said Deed of Trust, the estate now held by you under the same.

| MAIL RECONVEYANCE TO | |
|---|---|
| | |
| | |
| | |
| | |

Do not lose or destroy this Deed of Trust OR THE NOTE which it secures. Both must be delivered to the Trustee for cancellation before reconveyance will be made.

**0029**

# LEGAL DESCRIPTION

**PARCEL 1:**

THE EAST 25 FEET OF LOT 4 AND ALL OF LOTS 5 AND 6 OF TRACT NO. 7978, IN THE CITY OF
LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK
37 PAGES 48 TO 50 INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID
COUNTY.

**PARCEL 2:**

LOT 40 OF TRACT NO. 7978, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF
CALIFORNIA, AS PER MAP RECORDED IN BOOK 87 PAGES 48 TO 50 INCLUSIVE OF MAPS, IN THE
OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

PLEGAL --03/23/99bk

**0030**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 1900 Avenue of the Stars, 11th Floor, Los Angeles, CA 90067-4402.

A true and correct copy of the foregoing document entitled (*specify*) **NOTICE OF MOTION AND MOTION TO APPROVE COMPROMISE PURSUANT TO FRBP 9019; MEMORANDUM OF POINTS AND AUTHORITIES, REQUEST FOR JUDICIAL NOTICE, AND DECLARATION OF RICHARD K. DIAMOND** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On  July 5, 2018  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:  On  July 5, 2018, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on  July 5, 2018, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

VIA PERSONAL DELIVERY BY ALSSI ON JULY 6, 2018
The Honorable Sandra Klein
U.S. Bankruptcy Court
Roybal Federal Building
Bin outside of Suite 1582
255 E. Temple Street
Los Angeles, CA 90012-3332

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 5, 2018 | PATRICIA MORRIS | /s/ Patricia Morris |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

1492450.1   0931605A This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                                                        **F 9013-3.1.PROOF.SERVICE**

ADDITIONAL SERVICE INFORMATION (if needed):

**1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

David A Tilem on behalf of Debtor Raul M Contreras davidtilem@tilemlaw.com,
DavidTilem@ecf.inforuptcy.com;malissamurguia@tilemlaw.com;joanfidelson@tilemlaw.com;JoanFidelson
@ecf.inforuptcy.com;MalissaMurguia@ecf.inforuptcy.com;SloanYoukstetter@tilemlaw.com
Joe M Lozano, Jr on behalf of Creditor American Home Mortgage Servicing, Inc.
notice@NBSDefaultServices.com
Kelly L Morrison on behalf of U.S. Trustee United States Trustee (LA)
kelly.l.morrison@usdoj.gov
Merdaud Jafarnia on behalf of Creditor Deutsche Bank National Trust Company, as Trustee for
Ameriquest Mortgage Securities Inc., Asset-Backed Pass-Through Certificates, Series 2003-AR1,
its assignees and/or successors bknotice@mccarthyholthus.com, mjafarnia@ecf.inforuptcy.com
Nancy K Curry on behalf of Trustee Nancy K Curry (TR) TrusteeECFMail@gmail.com
Ramesh Singh on behalf of Interested Party Courtesy NEF claims@recoverycorp.com
Richard K Diamond (TR) RKDTrustee@dgdk.com,
rdiamond@ecf.epiqsystems.com;DanningGill@Gmail.com
Richard K Diamond (TR) on behalf of Trustee Richard K Diamond (TR) jlv@dgdk.com,
rdiamond@ecf.epiqsystems.com;DanningGill@Gmail.com
Sheryl K Ith on behalf of Creditor Chrysler Financial Services Americas LLC
sith@cookseylaw.com, sith@ecf.courtdrive.com
Sylvia Lew on behalf of Debtor Raul M Contreras Sylvialew@tilemlaw.com,
malissamurguia@tilemlaw.com;joanfidelson@tilemlaw.com;sylvialew@ecf.inforuptcy.com;joanfidelson@e
cf.inforuptcy.com;malissamurguia@ecf.inforuptcy.com;sylviatilemlaw@gmail.com;lewsr69450@notify.be
stcase.com
Thomas R Mulally on behalf of Creditor Macy Baum tom@ssmlaw.com, tom@ssmlaw.com
Thomas R Mulally on behalf of Creditor Courtesy NEF tom@ssmlaw.com, tom@ssmlaw.com
Thomas R Mulally on behalf of Creditor Frances Coons tom@ssmlaw.com, tom@ssmlaw.com
Thomas R Mulally on behalf of Creditor Suzanne Baum tom@ssmlaw.com, tom@ssmlaw.com
Thomas R Mulally on behalf of Creditor Julian Getz tom@ssmlaw.com, tom@ssmlaw.com
United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov
Zev Shechtman on behalf of Trustee Richard K Diamond (TR) zshechtman@dgdk.com,
danninggill@gmail.com;zshechtman@ecf.inforuptcy.com
Zev Shechtman on behalf of Plaintiff RICHARD K DIAMOND zshechtman@dgdk.com,
danninggill@gmail.com;zshechtman@ecf.inforuptcy.com

**2. SERVED BY U.S. MAIL**

Debtor
Raul M. Contreras
1108 Glenview Road
West Covina, CA 91791

1492450.1    0931605A This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of
California.

*August 2010*                                                                                          **F 9013-3.1.PROOF.SERVICE**